AO 241
Page 2
(Rev. 12/04)

**09-22667**

FILED by RGS D.C.
SEP 09 2009
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. - MIAMI

PROVIDED TO
CENTURY C.I. ON
SEP 0 2 2009
FOR MAILING J.J

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Southern District of Florida |
|---|---|
| Name (under which you were convicted): **JIMMY JONES** | Docket or Case No.: **CIV - COOKE** |
| Place of Confinement: **Century Correctional Institution 400 Tedder Road Century, Florida 32535** | Prisoner No.: **198574** MAGISTRATE JUDGE WHITE |
| Petitioner (include the name under which you were convicted) **JIMMY JONES** v. | Respondent (authorized person having custody of petitioner) **WALTER MCNEIL, SECRETARY, DEPARTMENT OF CORRECTIONS** |
| The Attorney General of the State of Florida, Bill McCollum | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **11ᵀᴴ JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA.**

   (b) Criminal docket or case number (if you know): **F01-026554**

2. (a) Date of the judgment of conviction (if you know): **DECEMBER 14, 2005**

   (b) Date of sentencing: **FEBRUARY 17, 2006**

3. Length of sentence: **LIFE**

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   **ARMED KIDNAPPING (COUNT I); ARMED KIDNAPPING (COUNT II); ARMED HOME INVASION ROBBERY (COUNT III); ARMED ROBBERY (COUNT 4)**

6. (a) What was your plea? (Check one)

   ☒ (1) Not Guilty      ☐ (3) Nolo contendere
   ☐ (2) Guilty          ☐ (4) Insanity plea

cat / div 530 / 2254 / MIA
Case # 09CV 2667
Judge Cooke   Mag. PAW
Motn Ifp NO   Fee pd $ 0
Receipt # _____

1

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)
☒ Jury  ☐ Judge Only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?
☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of Court: **FLORIDA THIRD DISTRICT COURT OF APPEAL**

(b) Docket or case number (if you know): **3D06-665**

(c) Result: **PER CURIAM AFFIRMED**

(d) Date of result (if you know): **MAY 2, 2007**

(e) Citation to the case (if you know):

(f) Grounds raised: **NONE, ATTORNEY FILED BRIEF PURSUANT TO ANDERS V. CALIFORNIA, 386 U.S. 738 (1967).**

(g) Did you seek further review by a higher state court?  ☐ Yes  ☒ No
If yes, answer the following:
(1) Name of court: **N/A**
(2) Docket or case number (if you know): **N/A**
(3) Result: **N/A**
(4) Date of result (if you know): **N/A**
(5) Citation to the case (if you know): **N/A**
(6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐  No ☒
If yes, answer the following: **N/A**
(1) Docket or case number (if you know): **N/A**
(2) Result: **N/A**
(3) Date of result (if you know): **N/A**
(4) Citation to the case (if you know): **N/A**

10. Other than the direct appeal, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court: **FLORIDA THIRD DISTRICT COURT OF APPEAL**

(2) Docket or case number (if you know): **3D07-3092**

(3) Date of filing (if you know): **JANUARY 9, 2008**

(4) Nature of proceeding: **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL (Fla. R. App. P. 9.141(c))**.

(5) Ground raised:

**I. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO APPELLATE COUNSEL'S FAILURE TO RAISE THE TRIAL COURT'S ERROR IN DENYING A MOTION FOR JUDGMENT OF ACQUITTAL.**

**II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO APPELLATE COUNSEL'S FAILURE TO RAISE PROSECUTORIAL MISCONDUCT ON APPEAL.**

**III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO RAISE MERITORIOUS ISSUES ON APPEAL.**

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
☐ Yes   ☒ No

(7) Result: **DENIED**

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **FLORIDA 11TH JUDICIAL CIRCUIT**

(2) Docket or case number (if you know): **F01-026554**

(3) Date of filing (if you know): **JULY 17, 2008**

(4) Nature of proceeding: **MOTION FOR POST-CONVICTION RELIEF (Fla. R. Crim. P. 3.850)**

(5) Ground raised:

**I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO OBJECT TO THE ADMISSIBILITY OF A SHOTGUN INTO EVIDENCE.**

**II. INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PRODUCE MISIDENTIFICATION EVIDENCE.**

**III. INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ACCEPT A CONTINUANCE AFTER THE STATE AMENDED THE CHARGING INFORMATION.**

**IV. INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISADVISING DEFENDANT CONCERNING WHETHER TO TESTIFY AT TRIAL.**

**V. INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO CUMULATIVE ERRORS.**

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
☐ Yes   ☒ No

(7) Result: **DENIED**

3

(8) Date of result:

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of proceeding: **N/A**

(5) Ground raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
☐ Yes  ☐ No **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     Yes ☒     No ☐
(2) Second Petition:    Yes ☒     No ☐
(3) Third Petition:     Yes ☐     No ☐ **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal Court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL BASED ON TRIAL COUNSEL'S FAILURE TO OBJECT TO THE ADMISSIBILITY OF A SHOTGUN INTO EVIDENCE AT TRIAL.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged in this case with offenses alleged to have occurred on August 17, 2001. He was arrested, however, after some alleged offenses occurring six days later on August 23, 2001. At the time of the August 23 offenses, an alleged co-defendant dropped a shotgun that was allegedly used during the August 23 offenses.

4

On May 22, 2006, prior to the trial in this case, a hearing was held concerning the State's notice of its intent to use "Williams Rule" evidence. Under Florida's "Williams Rule," evidence from an uncharged crime may be used against a defendant in order to show identity, motive, opportunity, etc. The State initially intended to use evidence from the uncharged August 23 events against Petitioner in the trial for the August 17 events he was charged with.

At this hearing, the State announced it was withdrawing its Williams Rule notice. The Trial Court informed the State that this would be its only opportunity to announce its intent to use such evidence. The State acknowledged this fact and stated it still was withdrawing its notice.

Other matters were addressed at the hearing and then the State informed the Court that there were certain issues concerning the firearm, a shotgun, the State intended to introduce at trial. The shotgun was recovered from Petitioner's alleged co-defendant in the uncharged August 23 incident. Rather than objecting to the admission of the shotgun at trial, defense counsel assisted the State in obtaining the shotgun's admission into evidence.

Defense counsel knew, or reasonably should have known, that the shotgun was not relevant to the August 17 offenses but rather to the uncharged August 23 offenses. As such, based upon the State's withdrawal of its Williams Rule notice, the shotgun was not admissible at trial in this case. Defense counsel's failure to move for the exclusion of the shotgun from evidence cannot, in good faith, be deemed a strategic or tactical decision. It may only be considered an unprofessional error that falls well below an objective level of reasonableness.

This unprofessional error was prejudicial to Petitioner. Without the shotgun being introduced into evidence, the trial testimony of Detective Shapiro concerning the shotgun would also have been inadmissible.

This is not a case in which DNA evidence, fingerprint evidence, or any other physical evidence linking Petitioner to the alleged crimes. The only thing connecting him was the unreliable and disputed identification of him. The presence of the shotgun, and its admission into evidence, and the inadmissible testimony of Detective Shapiro prejudiced the Petitioner by incorrectly and inappropriately telling the jury that this shotgun was used in this case and found as a result of this case when, in fact, it was not. But for this unprofessional error of defense counsel, there exists a reasonable probability as to a different outcome to these proceedings.

(b) If you did not exhaust your state remedies on Ground One, explain why: **N/A**

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **NOT COGNIZABLE ON DIRECT APPEAL.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state Trial Court?
☒ Yes   ☐ No

5

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla. R. CRIM. P. 3.850**

Name and location of the court where the motion or petition was filed: **FLORIDA 11TH JUDICIAL CIRCUIT, DADE COUNTY, FLORIDA**

Docket or case number (if you know): **F01-26554**

Date of the court's decision: **DECEMBER 18, 2008**

Result (attach copy of the court's opinion or order, if available): **DENIED (SEE EXHIBIT A).**

(3) Did you receive a hearing on your motion or petition?

☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?

☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," State:

Name and location of the court where the appeal was filed: **FLORIDA THIRD DISTRICT COURT OF APPEAL.**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): **PER CURIAM AFFIRMED (SEE EXHIBIT B).**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL BASED ON TRIAL COUNSEL'S FAILURE TO PRODUCE MISTAKEN IDENTIFICATION EVIDENCE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

One of the victim's in this case, Abraham Bassey, gave descriptions of his robbers – allegedly Petitioner – to the police on the day of the charged offenses and during his deposition. Mr. Bassey described the perpetrator as not having any noticeable tattoos and one open faced gold cap on a tooth on the upper right side of his mouth. During trial, Mr. Bassey reaffirmed his previous description of the perpetrator.

Petitioner, however, fails to meet this description. At the time of his arrest, a mere 6 days after the alleged offenses, Petitioner has full "sleeved" tattoos on both arms and three full faced gold teeth. Petitioner's

sleeved tattoos would have been very noticeable considering the fact that Mr. Bassey claimed his assailant was wearing a crew collar tee shirt.

Defense counsel failed to present any evidence at trial establishing that at the time of the alleged offenses, Petitioner had 3 gold teeth and sleeved tattoos on both arms which were readily noticeable. This information was available to defense counsel through personal observations of Petitioner and police reports. At trial, the sleeved tattoos were not noticeable to the jury because Petitioner was wearing a long sleeved shirt.

Defense counsel knew, or reasonably should have known, that Mr. Bassey's identification was the tenuous link between Petitioner and the alleged offenses. As such, counsel knew it was of the utmost importance to present evidence of Petitioner's visible tattoos and gold teeth. Counsel's failure to do so cannot be deemed a strategic or tactical decision, but rather is an unprofessional error falling below an objective level of reasonableness.

This omission was prejudicial to Petitioner. There was absolutely no physical evidence connecting Petitioner to the charged offenses. Had counsel produced this evidence at trial, Mr. Bassey's identification of Petitioner would have been established to be unreliable and mistaken. As such, had counsel presented this evidence at trial there exists a reasonable probability as to a different outcome to these proceedings.

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **NOT COGNIZABLE ON DIRECT APPEAL.**

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state Trial Court? ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **FLORIDA 11ᵀᴴ JUDICIAL CIRCUIT, DADE COUNTY, FLORIDA.**

Docket or case number (if you know): **F01-26554**

Date of the court's decision: **DECEMBER 18, 2008**

Result (attach copy of the court's opinion or order, if available): **DENIED (SEE EXHIBIT A)**

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," State:

Name and location of the court where the appeal was filed: **FLORIDA THIRD DISTRICT COURT OF APPEAL.**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): **PER CURIAM AFFIRMED (SEE EXHIBIT B).**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**

**GROUND THREE: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL BASED ON TRIAL COUNSEL'S FAILURE TO ACCEPT A CONTINUANCE AFTER THE STATE AMENDED THE CHARGING INFORMATION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State amended the charging information in this case to charge Petitioner under the principle theory shortly before trial. Defense counsel, who had only been on Petitioner's case for sixty-eight days, objected to the amendment, claiming that the amendment changed his defense. Counsel argued that he was not prepared to proceed to trial on the amended information. The Trial Court then offered defense counsel a continuance in order to adequately prepare for trial. Defense counsel, however, declined the offered continuance and elected to proceed to trial despite the fact that he was unprepared.

Reasonably competent counsel would have accepted the continuance offered by the Court. Defense counsel's failure to accept the continuance cannot be deemed a strategic or tactical decision, but rather may only be considered an unprofessional error that falls well below an objective level of reasonableness.

Petitioner was prejudiced by this unprofessional error of defense counsel. By counsel's own admission, the amendment to the charging information required an alteration to the defense he had prepared for and intended to advance at trial. As such, counsel was unprepared to contest the State's new principle theory of Petitioner's culpability. Had defense counsel accepted the continuance, he would have an adequate opportunity to evaluate the evidence under the principle theory, evaluate the mistaken identification evidence in light of this new theory, and to re-evaluate and prepare his defense accordingly. Had defense counsel accepted the continuance, there exists a reasonable probability as to a different outcome to these proceedings.

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **NOT COGNIZABLE ON DIRECT APPEAL.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state Trial Court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **FLORIDA 11TH JUDICIAL CIRCUIT, DADE COUNTY, FLORIDA**

Docket or case number (if you know): **F01-26554**

Date of the court's decision: **DECEMBER 18, 2008**

Result (attach copy of the court's opinion or order, if available): **DENIED (SEE EXHIBIT A)**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No
(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," State:

Name and location of the court where the appeal was filed: **FLORIDA THIRD DISTRICT COURT OF APPEAL.**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): **PER CURIAM AFFIRMED (SEE EXHIBIT B)**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**

**GROUND FOUR: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL BASED ON TRIAL COUNSEL MISADVISING PETITIONER CONCERNING WHETHER HE SHOULD TESTIFY AT TRIAL.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner discussed with defense counsel whether he should testify at trial in his defense. Petitioner wanted to take the stand in order to put forth evidence conclusively establishing that he did not meet the description provided to police by Mr. Bassey. Petitioner wanted to show the jury his arms showing his "sleeved" tattoos and his golds on his teeth. Defense counsel informed Petitioner that he could not show the jury his golds or his tattoos. Defense counsel also informed Petitioner that if he testified, the State would be

9

allowed to delve into the nature and facts surrounding his prior convictions. Defense counsel stated that he was not familiar with the facts surrounding these prior convictions and, in turn, was prepared to rehabilitate him on re-direct concerning these convictions. Defense counsel further informed Petitioner that they would lose the "sandwich" in closing argument if he testified. Based upon this information provided by defense counsel, Petitioner decided to not testify at trial.

The information provided by defense counsel was incorrect. Petitioner would have been allowed to demonstrate to the jury his sleeve tattoos and his golds. Also, the State would not have been allowed to explore the nature of his prior convictions and the facts surrounding them. Further, the defense would not have lost the "sandwich" if the only evidence and testimony presented was that of the Defendant – Petitioner – during the trial.

Defense counsel providing Petitioner with this incorrect information cannot reasonably be deemed a competent, strategic, or tactical decision. Such an error may only be considered an unprofessional error that falls well below an objective level of reasonableness.

This unprofessional error was prejudicial to Petitioner. With Petitioner's testimony, the jury would have actually seen physical evidence – tattoos and golds – establishing that he did not fit the description of the perpetrator provided to police by the victim. Since there was no physical evidence linking Petitioner to the offenses in this case, the identification of Petitioner as the perpetrator would have been completely undermined by physical evidence had Petitioner taken the stand. But for this unprofessional error of defense counsel, there exists a reasonable opportunity as to a different outcome to these proceedings.

(b) If you did not exhaust your state remedies on Ground Four, explain why: **N/A**

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: **NOT COGNIZABLE ON DIRECT APPEAL.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state Trial Court?
☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla. R. Crim. P. 3.850**

Name and location of the court where the motion or petition was filed: **FLORIDA 11TH JUDICIAL CIRCUIT, DADE COUNTY, FLORIDA**

Docket or case number (if you know): **F01-26554**

Date of the court's decision: **DECEMBER 18, 2008**

Result (attach copy of the court's opinion or order, if available): **DENIED (SEE EXHIBIT A)**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," State:
Name and location of the court where the appeal was filed: **FLORIDA THIRD DISTRICT COURT OF APPEAL**
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available): **PER CURIAM AFFIRMED (SEE EXHIBIT B)**
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

13. Please answer these additional questions about the petition you are filing:
    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     ☒ Yes     ☐ No
    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**
    (b) Is there any ground in this petition that has no been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐     No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     ☐ Yes     ☒ No
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A**

16. Give the name and address, if you know, of each attorney who represented you in the following stated of the judgment you are challenging:
    (a) At preliminary hearing: **LOUIS CASUSO, 111 N.E. 1ST ST., SUITE 603, MIAMI, FL 33132**
    (b) At arraignment and plea: **LOUIS CASUSO, 111 N.E. 1ST ST., SUITE 603, MIAMI, FL 33132**
    (c) At trial: **LOUIS CASUSO, 111 N.E. 1ST ST., SUITE 603, MIAMI, FL 33132**
    (d) At sentencing: **LOUIS CASUSO, 111 N.E. 1ST ST., SUITE 603, MIAMI, FL 33132**
    (e) On appeal: **ROBERT KALTER, 1320 N.W. 14TH ST., MIAMI, FL 33125-1609**
    (f) In any post-conviction proceeding: *pro se*

(g) On appeal from any ruling against you in a post-conviction proceeding: *pro se*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No **N/A**

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**Petitioner's judgment, conviction and sentence was affirmed on direct appeal on May 2, 2007. His 1-year federal time limitation began on August 1, 2007, 90 days after conclusion of direct appeal.**

**A petition alleging ineffective assistance of appellate counsel was filed pursuant to Fla. R. App. P. 9.141(c) on January 9, 2008. Thus, 161 days elapsed under AEDPA during this time interval. This petition was denied on June 12, 2008. Then, 44 days later, on July 17, 2008 Petitioner filed a Fla. R. Crim. P. 3.850 motion. As such, 43 days elapsed under AEDPA in this time interval. The Rule 3.850 motion was summarily denied and Petitioner timely appealed. On appeal, the decision of the lower tribunal was per curiam affirmed on June 24, 2009. Petitioner timely filed for rehearing on July 1, 2009. Rehearing was denied on ___July 23, 2009___, restarting Petitioner's AEDPA time limitation.**

At the conclusion of the appeal concerning Petitioner's Rule 3.850 motion, he had 161 days remaining to seek federal habeas relief under AEDPA (365-161-43=161).

The instant petition was filed on ___September 3, 2009___ At the time of the filing of the instant petition, ___121___ days were remaining on Petitioner's AEDPA time limitation and, in turn, the instant petition is timely.

---

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AAEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

12

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **THIS COURT TO ISSUE ITS WRIT OF HABEAS CORPUS,** or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on: _____ (date).

9.2.09

_____
Signature of Petitioner

If the person signing is not the petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

13